## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FORCEFIELD ENERGY, INC. DERIVATIVE LITIGATION <br><br> This Document Relates to: <br><br> ALL ACTIONS | Lead Case No. 1:15- CV-2782-ARR-VVP <br><br> **DECLARATION OF TIMOTHY W. BROWN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |

I, TIMOTHY W. BROWN, declare as follows:

1.      I am an attorney duly licensed to practice before this court and the Managing Attorney at The Brown Law Firm, P.C., co-lead counsel for Plaintiffs Neil J. Brown and Kai Su in the above-captioned matter.

2.      I submit this Declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement submitted contemporaneously with this Declaration.  I have personal knowledge of the matters set forth in this Declaration, and, if called upon to do so, could and would testify competently as to the matters set forth herein.

3.      The proposed Settlement represents a fair, reasonable, adequate, beneficial and practical resolution of this complex and costly litigation, and is the best interests of ForceField's shareholders.

4.      Attached hereto as Exhibit 1 is a true and correct copy of the Stipulation and Agreement of Settlement dated September 26, 2017, and its attached exhibits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 29th day of September 2017, in Oyster Bay, New York.

By: __/s/ Timothy W. Brown_____
Timothy W. Brown

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FORCEFIELD ENERGY, INC. DERIVATIVE LITIGATION | Lead Case No. 1:15- CV-2782-ARR-VVP |
| This Document Relates to: | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| ALL ACTIONS | |

This Stipulation and Agreement of Settlement dated September 26, 2017 (the "Stipulation") is made and entered into by and among the following Settling Parties (as defined herein), each by and through their respective counsel: (i) plaintiffs to the above-captioned consolidated shareholder derivative action (the "Action"), Neil J. Brown ("Brown") and Kai Su ("Su") (together, "Plaintiffs"), derivatively on behalf of ForceField Energy, Inc. ("ForceField" or the "Company"); (ii) defendants[1] David Natan, Jason Williams, David Vanderhorst, Adrian Auman, and Kébir Ratnani, all of whom are current or former members of ForceField's Board of Directors (the "Board") and/or senior officers of ForceField (collectively, the "Individual Settling Defendants");[2] and (iii) nominal defendant ForceField (together with the Individual Settling Defendants, "Defendants").

This Stipulation, subject to the approval of the United States District Court for the Eastern District of New York (the "Court"), is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims (as defined herein) and to result in the complete dismissal of the Action with prejudice, upon the terms and subject to the conditions

---

[1] The *Brown* Action (as defined herein) names Jason Williams as a defendant in addition to those defendants named in the *Su* Action (as defined herein), all of whom, except for Richard St-Julien, are also parties to this Stipulation.
[2] Defendants Richard St-Julien, David Natan, Jason Williams, David Vanderhorst, Adrian Auman, and Kébir Ratnani are collectively referred to herein as the "Individual Defendants."

1

set forth herein, and without any admission or concession as to the merits of any of the Settling Parties' claims or defenses.

## I. INTRODUCTION

### A. Factual Background

ForceField is a Nevada corporation that purports to have its principal executive offices located in New York, New York and to be a designer, distributor and licensee of alternative energy products and solutions. Plaintiffs allege in the Action that the Individual Defendants breached their fiduciary duties by: (1) engaging in a scheme to manipulate the price and trading volume of ForceField's stock by using undisclosed nominee accounts to purchase and sell the stock and by using stock promoters and broker dealers who failed to disclose to potential investors that they had been paid by the Individual Defendants to promote the purchase of the stock and whose reports were reviewed by ForceField's management before publication; (2) by failing to maintain for the Company adequate internal and financial controls; and (3) by making false and misleading statements by failing to disclose to the investing public (a) the above scheme, (b) that certain members of ForceField's management have troubling histories with fraudulent companies, and (c) that the Company lacked adequate internal and financial controls.

### B. Procedural Background

On May 13, 2015, plaintiff Brown, derivatively on behalf of ForceField, filed a verified shareholder derivative complaint in this Court, initiating the action captioned *Brown v. St-Julien et al.*, Case No. 1:15-cv-02782 (the "*Brown* Action").

On May 29, 2015, plaintiff Su, derivatively on behalf of ForceField, filed a verified shareholder derivative complaint in the U.S. District Court for the Southern District of New York,

-2-

initiating the action captioned *Su v. St-Julien, et al.*, Case No. 1:15-cv-04174 (the "Initial *Su* Action").

On June 26, 2015, lead plaintiff in the related securities class action filed in the U.S. District Court for the Southern District of New York captioned *IN RE FORCEFIELD ENERGY INC. SECURITIES LITIGATION*, Case No. 1:15-cv-3020 (the "Securities Class Action"), filed a motion requesting the United States Judicial Panel on Multidistrict Litigation (the "MDL Panel") to transfer and coordinate or consolidate for pretrial proceedings related actions, including the Initial *Su* Action and the *Brown* Action, in the Eastern District of New York (the "Transfer Motion").

On July 10, 2015, plaintiff Su, derivatively on behalf of ForceField, re-filed his verified shareholder derivative complaint in this Court, initiating the action captioned *Su v. St-Julien, et al.*, Case No. 1:15-cv-04080 (the "*Su* Action").

On July 13, 2015, plaintiff Su voluntarily dismissed the Initial *Su* Action without prejudice.

On July 15, 2015, plaintiff Su filed a brief in response to the Transfer Motion.

On July 20, 2015, plaintiff Brown filed a brief in response to the Transfer Motion.

On July 20, 2015, Defendants filed their opposition to the Transfer Motion.

On August 19, 2015, plaintiffs Su and Brown filed an unopposed motion to consolidate the *Su* Action and the *Brown* Action into the Action and appoint The Brown Law Firm, P.C. and Harwood Feffer LLP as co-lead counsel in the Action (the "Motion to Consolidate").

On October 13, 2015, the MDL Panel issued an order denying the Transfer Motion.

The Court so ordered the Motion to Consolidate on January 12, 2016.

On March 16, 2016, the Settling Parties filed a stipulation to stay proceedings, staying the Action pending the resolution of motions to dismiss filed in the Securities Class Action. The Court

- 3 -

so ordered the stipulation to stay on April 27, 2016.

On March 29, 2017, the motion to dismiss the third amended complaint made by the Company and defendants Natan and Williams in the Securities Class Action was granted, in part, and denied, in part.

## C. Settlement Negotiations

Plaintiffs' Counsel, Defendants' Counsel, and counsel for the lead plaintiff in the Securities Class Action, formally commenced settlement negotiations in an in-person meeting at the office of Defendants' Counsel on April 25, 2017. After engaging in further extensive negotiations that included numerous email exchanges and telephonic conferences, the Settling Parties reaching an agreement in principle to resolve the Action. The Settling Parties agree that the resolution of the Action was a material factor in the settlement of the Securities Class Action. Specifically, the resolution of the Action was a material factor in the Company's insurers' decision in consideration for settling the Securities Class Action to pay the sum of three hundred and fifty-six thousand dollars ($356,000.00) for the benefit of all persons who purchased or otherwise acquired the common stock of the Company during the period from August 20, 2013 through and including April 20, 2015, and were damaged thereby, excluding certain persons.

After reaching agreement to settlement in principle, the Settling Parties vigorously negotiated, at arm's-length, the attorneys' fees and reimbursement of expenses to be paid to Plaintiffs' Counsel (the "Fee Award"), in light of the substantial benefits that will be conferred upon the Company as a result of the settlement of the Action. The Settling Parties agreed to the Fee Award in the amount of forty-four thousand dollars ($44,000.00), subject to approval by the Court.

- 4 -

## II. PLAINTIFFS' COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFFS' CLAIMS, AND THE BENEFIT OF SETTLEMENT

Plaintiffs' Counsel conducted investigations relating to the claims and the underlying events alleged in Action, including, but not limited to: (1) reviewing and analyzing the Company's public filings with the United States Securities and Exchange Commission ("SEC"), press releases, announcements, transcripts of investor conference calls, and news articles; (2) reviewing and analyzing the allegations contained in the Securities Class Action; (3) researching and drafting shareholder derivative complaints; (4) researching and drafting briefs in response to the Transfer Motion; (5) researching the applicable law with respect to the claims in the Action and the potential defenses thereto; and (6) engaging in extensive settlement discussions with Defendants' Counsel.

Plaintiffs' Counsel believe that the claims asserted in the Action have merit and that their investigation supports the claims asserted. Without conceding the merit of any of Defendants' defenses or the lack of merit of any of their own allegations, and in light of the benefits of the Settlement as well as to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including potential trials and appeals, Plaintiffs have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Plaintiffs and Plaintiffs' Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Individual Settling Defendants through trials and possible appeals. Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Action, as well as the difficulties and delays inherent in such litigation. Based on their evaluation, and in light of the significant benefits conferred upon the Company and its

- 5 -

shareholders as a result of the Settlement, Plaintiffs and Plaintiffs' Counsel have determined that the Settlement is in the best interests of Plaintiffs, ForceField, and Current ForceField Stockholders (as defined herein), and have agreed to settle the Action upon the terms and subject to the conditions set forth herein.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Individual Settling Defendants have denied, and continue to deny, each and every claim and contention alleged by Plaintiffs in the Action and affirm that they have acted properly, lawfully, and in full accord with their fiduciary duties, at all times. Further, the Individual Settling Defendants have denied expressly, and continue to deny, all allegations of wrongdoing, fault, liability, or damage against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action and deny that they have ever committed or attempted to commit any violations of law, any breach of fiduciary duty owed to ForceField or its shareholders, or any wrongdoing whatsoever. Had the terms of this Stipulation not been reached, the Individual Settling Defendants would have continued to contest vigorously Plaintiffs' allegations, and the Individual Settling Defendants maintain that they had and have meritorious defenses to all claims alleged in the Action. Without admitting the validity of any of the claims that Plaintiffs have asserted in the Action, or any liability with respect thereto, Defendants have concluded that it is desirable that the claims be settled on the terms and subject to the conditions set forth herein. Defendants are entering into this Settlement because it will eliminate the uncertainty, distraction, disruption, burden, and expense of further litigation of the Action, and because Defendants have determined that the Settlement confers substantial benefits upon ForceField and Current ForceField Stockholders.

- 6 -

Neither this Stipulation, nor any of its terms or provisions, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is, may be construed as, or may be used as an admission of, or evidence of, the truth or validity of any of the Released Claims, of any claims or allegations made in the Action, or of any purported acts or omissions by the Defendants; (b) is, may be construed as, or may be used as an admission of, or evidence of, any fault, omission, negligence, or wrongdoing by the Defendants, or any concession of liability whatsoever; or (c) is, may be construed as, or may be used as an admission of, or evidence of, a concession by any Defendant of any infirmity in the defenses that Defendants asserted or could have asserted in this Action or otherwise.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

Plaintiffs, derivatively on behalf of ForceField, the Individual Settling Defendants, and nominal defendant ForceField, by and through their respective counsel or attorneys of record, hereby stipulate and agree that, subject to approval by the Court, in consideration of the benefits flowing to the Settling Parties hereto, the Action and all of the Released Claims shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, upon the terms and subject to the conditions set forth herein as follows:

### 1. Definitions

As used in this Stipulation, the following terms have the meanings specified below. In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to this Stipulation, the definitions set forth below shall control.

1.1    "Board" means the ForceField Board of Directors, including David Natan, David
       Vanderhorst, Adrian Auman, and Kébir Ratnani.

- 7 -

1.2 "Court" refers to the United States District Court for the Eastern District of New York.

1.3 "*Brown* Action" refers to the shareholder derivative action filed in this Court, captioned *Brown v. St-Julien et al.*, Case No. 1:15-cv-02782.

1.4 "Initial *Su* Action" refers to the shareholder derivative action filed in the United States District Court for the Southern District of New York, captioned *Su v. St-Julien et al.*, Case No. 1:15-cv-04174.

1.5 "*Su* Action" refers to the shareholder derivative action filed in this Court, captioned *Su v. St. Julien et al.*, 1:15-cv-04080.

1.6 "MDL Panel" means the United States Judicial Panel on Multidistrict Litigation.

1.7 "Motion to Consolidate" means the Unopposed Motion to Consolidate Related Actions and Appoint Co-Lead Counsel by Plaintiffs Neil J. Brown and Kai Su filed with the Court.

1.8 "Transfer Motion" refers to the Motion by Beverly Brewer to Transfer and Coordinate or Consolidate Actions for Pretrial Proceedings Under 28 U.S.C. § 1407, filed with the MDL Panel in the matter captioned, *In re FORCEFIELD ENERGY INC. SECURITIES AND DERIVATIVE LITIGATION*, Case MDL No. 2655.

1.9 "Current ForceField Stockholders" means, for purposes of this Stipulation, any Persons (defined below) who owned ForceField common stock as of the date of the execution of this Stipulation and who continue to hold their ForceField common stock as of the date of the Settlement Hearing, excluding the Individual Defendants,

- 8 -

the current and former officers and directors of ForceField, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Settling Defendants have or had a controlling interest.

1.10 "Defendants" means, collectively, the Individual Settling Defendants and nominal defendant ForceField.

1.11 "Defendants' Counsel" means counsel for ForceField and the Individual Settling Defendants, Gusrae Kaplan Nusbaum PLLC, 120 Wall Street, New York, New York 10005.

1.12 "Effective Date" means the first date by which all of the events and conditions specified in ¶ 6.1 herein have been met and have occurred.

1.13 "Fee Award" means the sum of forty-four thousand dollars ($44,000.00) to be paid by the Company's insurers to Plaintiffs' Counsel for their attorneys' fees and expenses, as detailed in ¶¶ 5.1-5.2 of this Stipulation, subject to approval by the Court.

1.14 "Final" means the time when an order or judgment that has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process (including potential writ proceedings) or because of passage, without action, of time for seeking appellate or writ review. More specifically, it is that situation when (1) either no appeal or petition for review by writ has been filed and the time has passed for any notice of appeal or writ petition to be timely filed in an action; or (2) an

- 9 -

appeal has been filed and the court of appeals has either affirmed the order or judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the order or judgment or dismissing the appeal or writ proceeding. Any appeal or proceeding seeking judicial review pertaining solely to the Fee Award shall not in any way delay or affect the time set forth above for the Judgment to become Final.

1.15 "Judgment" means the final order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit C.

1.16 "ForceField" or the "Company" means nominal defendant ForceField Energy, Inc. and includes all of its subsidiaries, predecessors, successors, affiliates, officers, directors, employees, and agents.

1.17 "Individual Defendants" means, collectively: Richard St-Julien, David Natan, Jason Williams, David Vanderhorst, Adrian Auman, and Kébir Ratnani.

1.18 "Individual Settling Defendants" means, collectively: David Natan, Jason Williams, David Vanderhorst, Adrian Auman, and Kébir Ratnani.

1.19 "Notice to Current ForceField Stockholders" or "Notice" means the Notice to Current ForceField Stockholders, substantially in the form of Exhibit A attached hereto.

1.20 "Settling Parties" means, collectively, each of the Plaintiffs (derivatively on behalf of ForceField), each of the Individual Settling Defendants, and nominal defendant ForceField.

1.21 "Person(s)" means an individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their spouses, heirs, predecessors, successors, administrators, parents, subsidiaries, affiliates, representatives, or assignees.

1.22 "Preliminary Approval Order" means the Order to be entered by the Court, substantially in the form of Exhibit B attached hereto, including, *inter alia*, preliminarily approving the terms and conditions of the Settlement as set forth in this Stipulation, directing that notice be provided to Current ForceField Stockholders, and scheduling a Settlement Hearing to consider whether the Settlement and Fee Award should be finally approved.

1.23 "Related Persons" means each and all of a Person's past, present, or future family members, spouses, domestic partners, parents, associates, affiliates, divisions, subsidiaries, officers, directors, stockholders, owners, members, representatives, employees, attorneys, financial or investment advisors, consultants, underwriters, investment banks or bankers, commercial bankers, insurers, reinsurers, excess insurers, co-insurers, advisors, principals, agents, heirs, executors, trustees, estates,

- 11 -

beneficiaries, distributees, foundations, general or limited partners or partnerships, joint ventures, personal or legal representatives, administrators, or any other person or entity acting or purporting to act for or on behalf of any Person, and each of their respective predecessors, successors, and assigns.

1.24 "Released Claims" means, collectively, all derivative claims (including Unknown Claims), demands, debts, losses, damages, duties, rights, disputes, actions, causes of action, liabilities, obligations, judgments, suits, matters, controversies, proceedings, or issues, of any kind, nature, character, or description whatsoever (and including, but not limited to, any claims for damages, whether compensatory, consequential, special, punitive, exemplary, or otherwise, and any and all fees, costs, interest, expenses, or charges), whether known or unknown, at law or in equity, that have been asserted, could have been asserted, or in the future could be asserted by Plaintiffs, ForceField, and/or any ForceField shareholder derivatively on behalf of ForceField against any Released Persons in the Action relating to breach of any duty (including, but not limited to, breaches of fiduciary duties, breaches of the duty of care, or breaches of the duty of loyalty), negligence or gross negligence, mismanagement or gross mismanagement, corporate waste, abuse of control, unjust enrichment, that are based upon, arising from, or related to the claims, facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act, or any other circumstances, which were alleged or referred to in the Action, and/or the settlement of the Action and the reasonable attorneys' fees, costs, and expenses incurred in defense thereof. For the avoidance

- 12 -

of doubt, the term Released Claims does not include claims brought in the Securities Class Action. Released Claims shall not include claims to enforce the Settlement.

1.25 "Defendants' Released Claims" means any and all claims, debts, rights, or causes of action or liabilities, including Unknown Claims, that could be asserted in any forum by the Released Persons against Plaintiffs, their beneficiaries, or Plaintiffs' Counsel that arise out of or relate in any way to the institution, prosecution, or settlement of the Action. Defendants' Released Claims shall not include claims to enforce the Settlement.

1.26 "Released Person(s)" means, collectively, each and all of the Defendants and their Related Persons. Excluded from Released Persons is Richard St-Julien, whom Plaintiffs do not release their claims against.

1.27 "Plaintiffs" means Neil J. Brown and Kai Su.

1.28 "Plaintiffs' Counsel" means: (i) The Brown Law Firm, P.C., 240 Townsend Square, Oyster Bay, New York 11771; and (ii) Harwood Feffer LLP, 488 Madison Avenue, New York, New York 10022.

1.29 "Action" refers to the above-captioned consolidated shareholder derivative action.

1.30 "Securities Class Action" means the federal securities class action lawsuit filed in the United States District Court for the Southern District of New York, captioned *IN RE FORCEFIELD ENERGY INC. SECURITIES LITIGATION*, Case No. 1:15-cv-3020.

1.31 "Settlement" means the settlement of the Action as documented in this Stipulation.

- 13 -

1.32 "Settlement Hearing" means a hearing by the Court to review the adequacy, fairness, and reasonableness of the Settlement set forth in this Stipulation and to determine: (i) whether to enter the Judgment; and (ii) all other matters properly before the Court.

1.33 "Stipulation" means this Stipulation and Agreement of Settlement, dated September ___, 2017.

1.34 "Unknown Claims" means any and all claims that were alleged or could have been alleged in the Action by the Plaintiffs, ForceField or any ForceField stockholder derivatively on behalf of ForceField, which any Current ForceField Stockholder, ForceField, or any ForceField stockholder derivatively on behalf of ForceField does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, including claims which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs and ForceField shall expressly waive, and each of ForceField's stockholders shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

- 14 -

Plaintiffs and ForceField shall expressly waive, and each of ForceField's stockholders shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any U.S. federal law or any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542. The Settling Parties acknowledge that they may discover facts in addition to or different from those now known or believed to be true by them with respect to the Released Claims, but it is the intention of the Settling Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all of the Released Claims known or unknown, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiffs and ForceField acknowledge, and ForceField's stockholders shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and was a material element of the Settlement. With respect to Defendants' Released Claims, "Unknown Claims" means any and all Defendants' Released Claims, of every nature and description, which the Released Persons do not know or suspect to exist in their favor at the time of the release of Plaintiffs, their beneficiaries, or Plaintiffs' Counsel, which, if known by them, might have affected their decisions with respect to the release of Defendants' Released Claims or the Settlement.

## 2. Terms of the Settlement

- 15 -

2.1     The Settling Parties agree that the resolution of the Action was a material factor in the settlement of the Securities Class Action. Specifically, the resolution of the Action was a material factor in the Company's insurers' decision in consideration for settling the Securities Class Action to pay the sum of $356,000 for the benefit of all persons who purchased or otherwise acquired the common stock of the Company during the period from August 20, 2013 through and including April 20, 2015, and were damaged thereby, excluding certain persons.

## 3. Procedure for Implementing the Settlement

3.1     Promptly after execution of this Stipulation, Plaintiffs shall submit this Stipulation, together with its exhibits, to the Court and apply for entry of the Preliminary Approval Order in this Court, substantially in the form of Exhibit B attached hereto, requesting, *inter alia*: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of the method of providing notice of the proposed Settlement to Current ForceField Stockholders; (iii) approval of the form of Notice substantially in the form of Exhibit A attached hereto; and (iv) a date for the Settlement Hearing.

3.2     Within ten (10) calendar days after the Court's entry of the Preliminary Approval Order, ForceField shall cause a press release to be issued that contains the contents of the Notice. All costs of such notice and the filing, issuance and posting set forth above shall be paid by ForceField's insurer. The Settling Parties believe the content of the Notice and the manner of the notice procedures set forth in this paragraph constitute adequate and reasonable notice to Current ForceField Stockholders pursuant to applicable law and due process.

- 16 -

3.3 Plaintiffs' Counsel shall request that the Court hold the Settlement hearing at least forty-five (45) calendar days after the notice described in ¶ 3.2 above is given to Current ForceField Stockholders to approve the Settlement and the Fee Award.

3.4 Pending the Court's determination as to final approval of the Settlement, the Plaintiffs and Plaintiffs' Counsel, and all other Persons, including, but not limited to, any Current ForceField Stockholders, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons, in any court or tribunal.

## 4. Releases

4.1 Upon the Effective Date, ForceField, Plaintiffs, and each of ForceField's stockholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action against the Released Persons. ForceField, Plaintiffs, and each of ForceField's stockholders shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation and/or the Judgment entered pursuant thereto.

4.2 Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and

- 17 -

discharged each and all of Plaintiffs, their beneficiaries, and Plaintiffs' Counsel from any and all Defendants' Released Claims. The Released Persons shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue Plaintiffs, their beneficiaries, or Plaintiffs' Counsel with respect to any claims arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against Plaintiffs, their beneficiaries, or Plaintiffs' Counsel except to enforce the releases and other terms and conditions contained in this Stipulation and/or the Judgment entered pursuant thereto.

4.3     Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

## 5. Plaintiffs' Counsel's Attorneys' Fees and Expenses

5.1     In recognition of the benefits provided to ForceField and Current ForceField Stockholders as a result of the settlement of the Action, ForceField has agreed to cause its insurers to pay to Plaintiffs' Counsel an award of attorneys' fees and expenses in the total amount of forty-four thousand dollars (\$44,000.00) (the "Fee Award"), subject to approval by the Court. The Fee Award is the product of vigorous, arm's-length negotiations between the Settling Parties. The Settling Parties agree that the Fee Award is fair and reasonable in light of the substantial benefits conferred upon ForceField and Current ForceField Stockholders by this Stipulation.

5.2     The Fee Award will be paid by Forcefield's insurer 15 days after the entry of Judgment becomes unappealable.

- 18 -

5.3     Should the Court order the payment of attorneys' fees and expenses to Plaintiffs' Counsel in an amount less than the agreed Fee Award prior to, or at the time of, entry of the Judgment, then only the Court-approved amount shall be released to Plaintiffs' Counsel.

5.4     Payment of the Fee Award in the amount approved by the Court shall constitute final and complete payment for Plaintiffs' Counsel's attorneys' fees and expenses that have been incurred or will be incurred in connection with the filing and prosecution of the Action and the resolution of the claims alleged therein.  Defendants and Defendants' Counsel shall have no responsibility for the allocation or distribution of the Fee Award amongst Plaintiffs' Counsel. Defendants, including ForceField, shall have no obligation to make any payment to any Plaintiffs' Counsel other than the payment to the Escrow Account provided in ¶¶ 5.1-5.2 herein.

5.5     If for any reason any condition in ¶ 6.1 is not met and the Effective Date of the Stipulation does not occur, if the Stipulation is in any way canceled or terminated, or if the Judgment is not entered, then each of Plaintiffs' Counsel and their successors shall be obligated to repay to ForceField's insurers, within fifteen (15) business days, the amount of the Fee Award paid by ForceField's insurers that they received.  In the event of any failure to obtain final approval of the full amount of the Fee Award, or upon any appeal and/or further proceedings on remand, or successful collateral attack, which results in the Judgment or the Fee Award being overturned or substantially modified, each of Plaintiffs' Counsel and their successors shall be obligated to repay to ForceField's insurers, within fifteen (15) business days, the portion of the Fee Award paid by the Company's insurer that they received and that was ultimately not awarded to Plaintiffs' Counsel.  Each of Plaintiffs' Counsel that receives any portion of the Fee Award is subject to the

- 19 -

Court's jurisdiction for the purposes of enforcing this paragraph and the provisions related to the Fee Award.

5.6 Except as otherwise provided herein, each of the Settling Parties shall bear his, her, or its own costs and attorneys' fees.

5.6 In light of the substantial benefits they have helped to create for all Current ForceField Stockholders, Plaintiffs may apply for Court-approved service awards in the amount of five hundred dollars ($500.00) each (the "Service Awards"). Each Service Award to each of the Plaintiffs, to the extent that it is applied for and approved in whole or part, shall be funded from the portion of the Fee Award distributed to that Plaintiff's counsel, to the extent that the Fee Award is approved in whole or in part. Defendants shall take no position on the Service Awards and shall have no obligation to pay them.

## 6. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

6.1 The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

      (i) the Court's entry of the Judgment;

      (ii) the payment of the Fee Award in accordance with ¶¶ 5.1-5.2 hereof; and

      (iii) the Judgment has become Final.

6.2 If any of the conditions specified in ¶ 6.1 are not met, then the Stipulation shall be canceled and terminated subject to ¶ 6.4, and the Settling Parties shall be restored to their respective positions in the Action as of the date immediately preceding the date of this Stipulation, unless Plaintiffs' Counsel and Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

6.3    Each of the Settling Parties shall have the right to terminate the Settlement by providing written notice of their election to do so to all other Settling Parties within twenty (20) calendar days of the date on which: (i) the Court refuses to approve this Stipulation, or the terms contained herein, in any material respect; (ii) the Preliminary Approval Order is not entered in substantially the form attached as Exhibit B hereto; (iii) the Judgment is not entered in substantially the form attached as Exhibit C hereto; (iv) the Judgment is reversed or substantially modified on appeal, reconsideration, or otherwise; or (v) the Effective Date of the Settlement cannot otherwise occur; except that such termination shall not be effective unless and until the terminating Settling Party has, within twenty (20) calendar days of the date on which notice of the termination event has been provided to all other Settling Parties, attempted in good faith to confer with the other Settling Parties to attempt to remedy the issue. Any order or proceeding relating to the Fee Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to cancel the Stipulation, allow for the termination of the Settlement, or affect or delay the finality of the Judgment approving the Settlement.

6.4    In the event that the Stipulation is not approved by the Court, or the Settlement is terminated for any reason, including pursuant to ¶ 6.3 above, the Settling Parties shall be restored to their respective positions as of the date immediately preceding the date of this Stipulation, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any of the Settling Parties of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶

- 21 -

1.1-1.34, 5.5, 6.2-6.4, 8.2, 8.4-8.16, and 8.18 herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

## 7. Bankruptcy

7.1    In the event any proceedings by or on behalf of ForceField, whether voluntary or involuntary, are initiated under any chapter of the United States Bankruptcy Code, including any act of receivership, asset seizure, or similar federal or state law action ("Bankruptcy Proceedings"), the Settling Parties agree to use their reasonable best efforts to obtain all necessary orders, consents, releases, and approvals for effectuation of this Stipulation in a timely and expeditious manner.

7.2    In the event of any Bankruptcy Proceedings by or on behalf of ForceField, the Settling Parties agree that all dates and deadlines set forth herein will be extended for such periods of time as are necessary to obtain necessary orders, consents, releases and approvals from the Bankruptcy Court to carry out the terms and conditions of the Stipulation.

## 8. Miscellaneous Provision

8.1    The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties agree that the terms of the Settlement were negotiated in good faith and at arm's length by the Settling Parties, and reflect a settlement that was reached

- 22 -

voluntarily based upon adequate information and after consultation with competent legal counsel. Except in the event of termination of the Settlement, the Settling Parties agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis. The Settling Parties also will request that the Judgment contain a finding that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11 and all other similar rules of professional conduct.

8.3    While maintaining their positions that the claims and defenses asserted in the Action are meritorious, Plaintiffs and Plaintiffs' Counsel, on the one hand, and Defendants and Defendants' Counsel, on the other, shall not make any public statements or statements to the media (whether or not for attribution) that disparage the other's business, conduct, or reputation, or that of their counsel, based on the subject matter of the Action. Notwithstanding the foregoing, each of the Settling Parties reserves their right to rebut, in a manner that such party determines to be reasonable and appropriate, any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis.

8.4    Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including any exhibits attached hereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of

- 23 -

any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency or infirmity of any defense that has been or could have been asserted in the Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person, or against Plaintiffs as evidence of any infirmity in their claims;

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them hereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or

- 24 -

reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

8.5     The exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all the Settling Parties or their respective successors-in-interest. After prior notice to the Court, but without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of this Stipulation.

8.7     This Stipulation and the exhibits attached hereto represent the complete and final resolution of all disputes among the Settling Parties with respect to the Action, constitute the entire agreement among the Settling Parties, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.

8.8     The waiver by one party of any breach of the Settlement by any other party shall not be deemed a waiver of any other prior or subsequent breach of the Settlement. The provisions of the Settlement may not be waived except by a writing signed by the affected party, or counsel for that party.

8.9     The headings in the Stipulation and its exhibits are used for the purpose of convenience only and are not meant to have legal effect.

8.10    The Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Persons. The Settling Parties agree that this Stipulation will run to their respective successors-in-interest, and they further agree that any planned, proposed or actual sale, merger or change-in-control of ForceField shall not void

- 25 -

this Stipulation, and that in the event of a planned, proposed or actual sale, merger or change-in-control of ForceField, they will continue to seek final approval of this Stipulation expeditiously, including, but not limited to, the Settlement terms reflected in this Stipulation and the Fee Award.

8.11    The Stipulation and the exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles. No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.12    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

8.13    All agreements made and orders entered during the course of the Action relating to the confidentiality of information and documents shall survive this Stipulation.

8.14    Nothing in this Stipulation, or the negotiations or proceedings relating to the Settlement, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint defense privilege, the accountants' privilege, or work product immunity; further, all information and documents transmitted between Plaintiffs' Counsel and Defendants' Counsel in connection with the

- 26 -

Settlement shall be kept confidential and shall be inadmissible in any proceeding in any U.S. federal or state court or other tribunal or otherwise, in accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in all respects in any such proceeding or forum.

8.15    The Settling Parties intend that the Court retain jurisdiction for the purpose of effectuating and enforcing the terms of the Settlement.

8.16    Each counsel or other Person executing the Stipulation or its exhibits on behalf of any of the Settling Parties hereby warrants that such Person has the full authority to do so. The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and their Related Persons.

8.17    Any notice required by this Stipulation shall be submitted by overnight mail and e-mail to each of the signatories below.

8.18    The Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dates as of September 26, 2017.

THE BROWN LAW FIRM, P.C.

Timothy W. Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

- 27 -

**HARWOOD FEFFER LLP**

Robert I. Harwood
Matthew M. Houston
Benjamin I. Sachs-Michaels
488 Madison Avenue
New York, NY 10022
Telephone: (212) 935-7400
Email: rharwood@hfesq.com
Email: mhouston@hfesq.com
Email: bsachsmichaels@hfesq.com

*Co-Lead Counsel for Plaintiffs*


**GUSRAE KAPLAN NUSBAUM PLLC**

Martin H. Kaplan
Ryan Whalen
120 Wall Street, 25th Floor
New York, NY 10005
Telephone: (212) 269-1400
Email: mkaplan@gusraekaplan.com
Email: rwhalen@gusraekaplan.com

*Counsel for Defendants ForceField Energy, Inc.,
David Natan, Jason Williams, David Vanderhorst,
Adrian Auman, and Kébir Ratnani*

- 28 -

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FORCEFIELD ENERGY, INC. DERIVATIVE LITIGATION | Lead Case No. 1:15- CV-2782-ARR-VVP |
| This Document Relates to: | **NOTICE TO CURRENT FORCEFIELD STOCKHOLDERS** |
| ALL ACTIONS | |

**TO:    ALL OWNERS OF FORCEFIELD ENERGY, INC. ("FORCEFIELD") COMMON STOCK (TICKER SYMBOL: FNRG) AS OF SEPTEMBER 26, 2017, WHO CONTINUE TO OWN SUCH SHARES.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF STOCKHOLDER DERIVATIVE LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.   YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS ACTION.**

**IF THE COURT APPROVES THE SETTLEMENT AND DISMISSAL OF THE ACTION, STOCKHOLDERS OF FORCEFIELD WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE SETTLED CLAIMS.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS RESPECTING THE MERITS OF THE ACTION.  THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT.  IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Federal Rule of Civil Procedure 23.1 and

an Order from the Honorable Allyne R. Ross of the U.S. District Court for the Eastern District of

New York (the "Court"), that a proposed settlement agreement has been reached among Plaintiffs,[1]

---

[1]      For purposes of this Notice, the Court incorporates by reference the definitions in the Settling Parties' Stipulation and Agreement of Settlement, fully executed as of September 26, 2017 (the "Stipulation"), and all capitalized terms used herein, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.  A copy of the Stipulation may be inspected at the Clerk of the Court's Office for the United States District Court for the Eastern District of

derivatively on behalf of ForceField Energy, Inc. ("ForceField" or the "Company"), the Individual Settling Defendants, and ForceField in connection with the above-captioned consolidated stockholder derivative action titled *IN RE FORCEFIELD ENERGY, INC. DERIVATIVE LITIGATION*, Case No. 1:15-cv-2782-ARR-VVP (the "Action").

Plaintiffs filed the Action derivatively on behalf of ForceField to remedy the alleged harm caused to the Company by the Individual Defendants' alleged breach of their fiduciary duties and other alleged misconduct.  The proposed Settlement, if approved by the Court, would fully, finally and forever resolve the Action on the terms set forth in the Stipulation and summarized in this Notice, including the dismissal of the Action with prejudice.

As explained below, a Settlement Hearing shall be held before the Court on _____ __, 2017 at __:__ _.m., before the Honorable Allyne R. Ross, at the U.S. District Court for the Eastern District of New York, Courtroom 8C S, 225 Cadman Plaza East, Brooklyn, New York 11201, to determine whether, *inter alia*, the proposed Settlement is fair, reasonable, and adequate, and should be finally approved by the Court and whether Plaintiffs' Counsel's Fee Award, including Service Awards to the Plaintiffs, should be finally approved.  You have the right to object to the Settlement and the Fee Award in the manner provided herein.  If you fail to object in the manner provided herein ***at least fourteen (14) days prior to the Settlement Hearing***, you will be deemed to have waived your objections and will be forever bound by the Judgment to be entered and the releases to be given, unless otherwise ordered by the Court.

This Notice is not intended to be and should not be construed as an expression of any opinion by the Court with respect to the merits of the claims made in the Action, but is merely to

---

New York, 225 Cadman Plaza East, Brooklyn, NY 11201 or by visiting the investor relations portion of ForceField's website at www.forcefieldenergy.com.

advise one of the proposed Settlement and of one's rights if he, she or it owned ForceField stock

as of September 26, 2017 and continues to hold ForceField stock through the date of the Settlement

Hearing ("Current ForceField Stockholder").

## I.      BACKGROUND

### A.      Factual Background of the Action

ForceField is a Nevada corporation that purports to have its principal executive offices

located in New York, New York and to be a designer, distributor and licensee of alternative energy

products and solutions.  Plaintiffs allege in the Action that the Individual Defendants breached

their fiduciary duties by: (1) engaging in a scheme to manipulate the price and trading volume of

ForceField's stock by using undisclosed nominee accounts to purchase and sell the stock and by

using stock promoters and broker dealers who failed to disclose to potential investors that they had

been paid by the Individual Defendants to promote the purchase of the stock and whose reports

were reviewed by ForceField's management before publication; (2) by failing to maintain for the

Company adequate internal and financial controls; and (3) by making false and misleading

statements by failing to disclose to the investing public (a) the above scheme, (b) that certain

members of ForceField's management have troubling histories with fraudulent companies, and (c)

that the Company lacked adequate internal and financial controls.

### B.      Procedural Background

On May 13, 2015, plaintiff Brown, derivatively on behalf of ForceField, filed a verified

shareholder derivative complaint in this Court, initiating the action captioned *Brown v. St-Julien

et al.*, Case No. 1:15-cv-02782 (the "*Brown* Action").

On May 29, 2015, plaintiff Su, derivatively on behalf of ForceField, filed a verified

shareholder derivative complaint in the U.S. District Court for the Southern District of New York,

initiating the action captioned *Su v. St-Julien, et al.*, Case No. 1:15-cv-04174 (the "Initial *Su* Action").

On June 26, 2015, lead plaintiff in the related securities class action filed in the U.S. District Court for the Southern District of New York captioned *IN RE FORCEFIELD ENERGY INC. SECURITIES LITIGATION*, Case No. 1:15-cv-3020 (the "Securities Class Action"), filed a motion requesting the United States Judicial Panel on Multidistrict Litigation (the "MDL Panel") to transfer and coordinate or consolidate for pretrial proceedings related actions, including the Initial *Su* Action and the *Brown* Action, in the Eastern District of New York (the "Transfer Motion").

On July 10, 2015, plaintiff Su, derivatively on behalf of ForceField, re-filed his verified shareholder derivative complaint in this Court, initiating the action captioned *Su v. St-Julien, et al.*, Case No. 1:15-cv-04080 (the "*Su* Action").

On July 13, 2015, plaintiff Su voluntarily dismissed the Initial *Su* Action without prejudice.

On July 15, 2015, plaintiff Su filed a brief in response to the Transfer Motion.

On July 20, 2015, plaintiff Brown filed a brief in response to the Transfer Motion.

On July 20, 2015, Defendants filed their opposition to the Transfer Motion.

On August 19, 2015, plaintiffs Su and Brown filed an unopposed motion to consolidate the *Su* Action and the *Brown* Action into the Action and appoint The Brown Law Firm, P.C. and Harwood Feffer LLP as co-lead counsel in the Action (the "Motion to Consolidate").

On October 13, 2015, the MDL Panel issued an order denying the Transfer Motion.

The Court so ordered the Motion to Consolidate on January 12, 2016.

On March 16, 2016, the Settling Parties filed a stipulation to stay proceedings, staying the Action pending the resolution of motions to dismiss filed in the Securities Class Action. The Court so ordered the stipulation to stay on April 27, 2016.

On March 29, 2017, the motion to dismiss the third amended complaint made by the Company and defendants Natan and Williams in the Securities Class Action was granted, in part, and denied in part.

### C.     Settlement Negotiations

Plaintiffs' Counsel, Defendants' Counsel, and counsel for the lead plaintiff in the Securities Class Action, formally commenced settlement negotiations in an in-person meeting at the office of Defendants' Counsel on April 25, 2017.  After engaging in further extensive negotiations that included numerous email exchanges and telephonic conferences, the Settling Parties reaching an agreement in principle to resolve the Action.  The Settling Parties agree that the resolution of the Action was a material factor in the settlement of the Securities Class Action.  Specifically, the resolution of the Action was a material factor in the Company's insurers' decision in consideration for settling the Securities Class Action to pay the sum of three hundred and fifty-six thousand dollars ($356,000.00) for the benefit of all persons who purchased or otherwise acquired the common stock of the Company during the period from August 20, 2013 through and including April 20, 2015, and were damaged thereby, excluding certain persons.  The Settling Parties vigorously negotiated, at arm's-length, the attorneys' fees and reimbursement of expenses to be paid to Plaintiffs' Counsel (the "Fee Award"), in light of the substantial benefits that will be conferred upon the Company as a result of the settlement of the Action.  The Settling Parties agreed to the Fee Award in the amount of forty-four thousand dollars ($44,000.00), subject to approval by the Court.

## II.     PLAINTIFFS' COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFFS' CLAIMS, AND THE BENEFIT OF SETTLEMENT

Plaintiffs' Counsel conducted investigations relating to the claims and the underlying events alleged in Action, including, but not limited to: (1) reviewing and analyzing the Company's

public filings with the United States Securities and Exchange Commission ("SEC"), press releases, announcements, transcripts of investor conference calls, and news articles; (2) reviewing and analyzing the allegations contained in the Securities Class Action; (3) researching and drafting shareholder derivative complaints; (4) researching and drafting briefs in response to the Transfer Motion; (5) researching the applicable law with respect to the claims in the Action and the potential defenses thereto; and (6) engaging in extensive settlement discussions with Defendants' Counsel.

Plaintiffs' Counsel believe that the claims asserted in the Action have merit and that their investigation supports the claims asserted.  Without conceding the merit of any of Defendants' defenses or the lack of merit of any of their own allegations, and in light of the benefits of the Settlement as well as to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including potential trials and appeals, Plaintiffs have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  Plaintiffs and Plaintiffs' Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Individual Settling Defendants through trials and possible appeals.  Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Action, as well as the difficulties and delays inherent in such litigation.  Based on their evaluation, and in light of the significant benefits conferred upon the Company and its shareholders as a result of the Settlement, Plaintiffs and Plaintiffs' Counsel have determined that the Settlement is in the best interests of Plaintiffs, ForceField, and Current ForceField Stockholders, and have agreed to settle the Action upon the terms and subject to the conditions set forth herein.

### III.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Individual Settling Defendants have denied, and continue to deny, each and every claim and contention alleged by Plaintiffs in the Action and affirm that they have acted properly, lawfully, and in full accord with their fiduciary duties, at all times.  Further, the Individual Settling Defendants have denied expressly, and continue to deny, all allegations of wrongdoing, fault, liability, or damage against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action and deny that they have ever committed or attempted to commit any violations of law, any breach of fiduciary duty owed to ForceField or its shareholders, or any wrongdoing whatsoever.  Had the terms of the Stipulation not been reached, the Individual Settling Defendants would have continued to contest vigorously Plaintiffs' allegations, and the Individual Settling Defendants maintain that they had and have meritorious defenses to all claims alleged in the Action.  Without admitting the validity of any of the claims that Plaintiffs have asserted in the Action, or any liability with respect thereto, Defendants have concluded that it is desirable that the claims be settled on the terms and subject to the conditions set forth herein.  Defendants are entering into this Settlement because it will eliminate the uncertainty, distraction, disruption, burden, and expense of further litigation of the Action, and because Defendants have determined that the Settlement confers substantial benefits upon ForceField and Current ForceField Stockholders.

Neither the Stipulation, nor any of its terms or provisions, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is, may be construed as, or may be used as an admission of, or evidence of, the truth or validity of any of the Released Claims, of any claims or allegations made in the Action, or of any purported acts or omissions by the Defendants; (b) is, may be construed as, or may be used as an admission of, or evidence of, any

fault, omission, negligence, or wrongdoing by the Defendants, or any concession of liability whatsoever; or (c) is, may be construed as, or may be used as an admission of, or evidence of, a concession by any Defendant of any infirmity in the defenses that Defendants asserted or could have asserted in this Action or otherwise.

## IV.     THE SETTLEMENT HEARING

The Settlement Hearing will be held before the Honorable Peter G. Sheridan on _____ __, 2017 at __:__  _.m. in Courtroom 8C S of the U.S. District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201 to determine: (i) whether the proposed Settlement, upon the terms set forth in the Stipulation, should be finally approved in all respects as fair, reasonable, and adequate; (ii) whether the Judgment approving the Settlement, substantially in the form of Exhibit C attached to the Stipulation, should be entered, dismissing the Action with prejudice and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiffs' Counsel's Fee Award, including any Service Awards, should be finally approved.  At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.  The Court may adjourn the date of the Settlement Hearing without further notice to Current ForceField Stockholders, and the Settlement Hearing may be continued by the Court at the Settlement Hearing, or at any adjourned session thereof, without further notice.

## V.     THE SETTLEMENT

The Settling Parties agree that the resolution of the Action was a material factor in the settlement of the Securities Class Action.  Specifically, the resolution of the Action was a material factor in the Company's insurers' decision in consideration for settling the Securities Class Action to pay the sum of $356,000 for the benefit of all persons who purchased or otherwise acquired

the common stock of the Company during the period from August 20, 2013 through and including April 20, 2015, and were damaged thereby, excluding certain persons.

## VI.   DISMISSAL AND RELEASES

In connection with the Court's approval of the Settlement, the Settling Parties will jointly request entry of the Judgment by the Court, dismissing with prejudice all claims that Plaintiffs have alleged in the Action and any other Released Claims.

Upon the Effective Date, ForceField, Plaintiffs, derivatively on behalf of ForceField, and each of ForceField's stockholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons and any and all derivative claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action against the Released Persons.  ForceField, Plaintiffs, and each of ForceField's stockholders shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation and/or the Judgment entered pursuant thereto.

Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Plaintiffs, their beneficiaries, and Plaintiffs' Counsel from any and all Defendants' Released Claims.

## VII.    ATTORNEYS' FEES AND EXPENSES

In recognition of the substantial benefits provided to ForceField and Current ForceField Stockholders as a result of the settlement of the Action, ForceField has agreed to cause its insurers to pay to Plaintiffs' Counsel an award of attorneys' fees and expenses in the total amount of forty-four thousand dollars ($44,000.00) (the "Fee Award"), subject to approval by the Court. The Fee Award is the product of vigorous, arm's-length negotiations between the Settling Parties. The Settling Parties agree that the Fee Award is fair and reasonable in light of the substantial benefits conferred upon ForceField and Current ForceField Stockholders by the Settlement. In light of the substantial benefits they have helped to create for all Current ForceField Stockholders, the Plaintiffs may apply for Court-approved service awards in the amount of five hundred dollars ($500.00) each (the "Service Awards"). Each Service Award, to the extent that it is applied for and approved in whole or part, shall be funded from the portion of the Fee Award distributed to that Plaintiff's counsel.

## VIII.   THE RIGHT TO OBJECT AND/OR BE HEARD AT THE SETTLEMENT HEARING

Any Current ForceField Stockholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be approved as fair, reasonable, and adequate, why Judgment should not be entered thereon, or why the Fee Award, including any Service Awards, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current ForceField Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered approving the Settlement, or the Fee Award, unless that Stockholder has, *at least fourteen (14) days prior to the Settlement Hearing*: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of ForceField common stock

10

on September 26, 2017 and through the date of the Settlement Hearing, including the number of shares of ForceField common stock held and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current ForceField Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing.  If a Current ForceField Stockholder files a written objection and/or written notice of intent to appear, such stockholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

<table>
<tr><td>Timothy W. Brown<br>THE BROWN LAW FIRM, P.C.<br>240 Townsend Square<br>Oyster Bay, NY 11771<br><br>*Co-Lead Counsel for Plaintiffs*</td><td>Martin H. Kaplan<br>GUSRAE KAPLAN NUSBAUM<br>PLLC<br>120 Wall Street<br>New York, NY 10005<br><br>*Counsel for Defendants*</td></tr>
<tr><td>Robert I. Harwood<br>HARWOOD FEFFER LLP<br>488 Madison Avenue<br>New York, NY 10022<br><br>*Co-Lead Counsel for Plaintiffs*</td><td></td></tr>
</table>

Any Current ForceField Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be

foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and the Fee Award, including any Service Awards, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

## IX.    CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation, which requires, among other things: (1) entry of the requested Judgment by the Court; (2) the payment of the Fee Award; and (3) the Judgment has become Final.  If, for any reason, any one of the conditions described in the Stipulation is not met and/or the entry of the Judgment does not occur, the Stipulation might be terminated and, if terminated, will become null and void; and the Settling Parties to the Stipulation will be restored to their respective positions as of the date immediately preceding the date of the Stipulation.

## X.    EXAMINATION OF PAPERS AND INQUIRIES

This Notice contains only a summary of the terms of the Settlement.  For a more detailed statement of the matters involved in the Action, reference is made to the Stipulation, which may be inspected at the Clerk of the Court's Office, U.S. District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, during business hours of each business day or by visiting the investor relations portion of ForceField's website at www.forcefieldenergy.com.

Any other inquiries regarding the Settlement or the Action should be addressed in writing to Co-Lead Counsel for Plaintiffs in the Action: Timothy W. Brown, The Brown Law Firm, P.C., 240 Townsend Square, Oyster Bay, NY 11771, Telephone: (516) 922-5427, Facsimile: (516) 344-

6204; or Robert I. Harwood, Harwood Feffer LLP, 488 Madison Avenue, New York, NY 10022,

Telephone: (212) 935-7400, Facsimile: (212) 753-3630.

**PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FORCEFIELD ENERGY, INC. DERIVATIVE LITIGATION | Lead Case No. 1:15- CV-2782-ARR-VVP |
| This Document Relates to:

ALL ACTIONS | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, the parties to the above-captioned consolidated shareholder derivative action (the "Action") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated September 26, 2017 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the Action with prejudice; and (ii) approving the form and content of the Notice to Current ForceField Stockholders (the "Notice"), in which ForceField shall cause a press release to be issued that contains the contents of the Notice, cause a Current Report on Form 8-K to be filed with the SEC that contains the contents of the Notice, and post on the investor relations portion of its website the Notice together with the Stipulation;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all Settling Parties have consented to the entry of this Preliminary Approval Order,

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

1

2.     A hearing (the "Settlement Hearing") shall be held before the Court and the Honorable Allyne R. Ross on _____ __, 2017 at __:__ _.m.,[1] at the U.S. District Court for the Eastern District of New York, Courtroom 8C S, 225 Cadman Plaza East, Brooklyn, New York 11201, to determine: (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to ForceField and Current ForceField Stockholders and should be finally approved by the Court; (ii) whether a Judgment finally approving the Settlement, substantially in the form of Exhibit C attached to the Stipulation, should be entered, dismissing the Action with prejudice and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiffs' Counsel's Fee Award, including Service Awards to the Plaintiffs, should be finally approved.  At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

3.     The Court approves, as to form and content, the Notice attached as Exhibit A to the Stipulation, and finds that the posting of such Notice substantially in the manner and form set forth in this Order meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current ForceField Stockholders and all other Persons entitled thereto.

4.     Within ten (10) calendar days after the Court's entry of the Preliminary Approval Order, ForceField shall cause a press release to be issued that contains the contents of the Notice.

5.     All papers in support of the Settlement and the Fee Award, including Service Awards to the Plaintiffs, shall be filed with the Court and served at least twenty-one (21) calendar

---

[1]     The Settling Parties respectfully request that the Settlement Hearing be scheduled at least forty-five (45) days after the deadline for providing notice of the proposed Settlement to Current ForceField Stockholders.

days prior to the Settlement Hearing, and any reply papers shall be filed with the Court at least seven (7) calendar days prior to the Settlement Hearing.

6.      Any Current ForceField Stockholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why the Fee Award, including Service Awards to the Plaintiffs, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current ForceField Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee Award, unless that stockholder has, at least fourteen (14) days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of ForceField common stock on September 26, 2017 and through the date of the Settlement Hearing, including the number of shares of ForceField common stock held and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current ForceField Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing.  If a Current ForceField Stockholder files a written objection and/or written notice of intent to appear, such stockholder must also

simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

<table>
<tr><td>
Timothy W. Brown<br>
THE BROWN LAW FIRM, P.C.<br>
240 Townsend Square<br>
Oyster Bay, NY 11771<br>
<br>
*Co-Lead Counsel for Plaintiffs*<br>
<br>
Robert I. Harwood<br>
HARWOOD FEFFER LLP<br>
488 Madison Avenue<br>
New York, NY 10022<br>
<br>
*Co-Lead Counsel for Plaintiffs*
</td><td>
Martin H. Kaplan<br>
GUSRAE KAPLAN NUSBAUM<br>
PLLC<br>
120 Wall Street<br>
New York, NY 10005<br>
<br>
*Counsel for Defendants*
</td></tr>
</table>

Any Current ForceField Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and the Fee Award, including Service Awards to the Plaintiffs, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

7.      At least ten (10) business days prior to the Settlement Hearing, Defendants' Counsel shall serve on The Brown Law Firm, P.C. and Harwood Feffer LLP, and file with the Court, proof, by affidavit or declaration, of the publication, filing, and posting of the Notice.

8.      All Current ForceField Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current ForceField Stockholders.

9.      Pending final determination of whether the Settlement should be approved, neither Plaintiffs, Plaintiffs' Counsel, nor any Current ForceField Stockholders or other Persons shall

commence or prosecute, or in any way instigate or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Individual Defendants, ForceField, or any other Released Person, in any court or tribunal.

10. The fact and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency or infirmity of any defense that has been or could have been asserted in the Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person, or against Plaintiffs as evidence of any infirmity in their claims; or

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency,

or other tribunal. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

11.     If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Action will revert to their status as of the date immediately preceding the date of the Stipulation.

12.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current ForceField Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current ForceField Stockholders.

IT IS SO ORDERED.

DATED: _____        _____
                                                                  HONORABLE ALLYNE R. ROSS

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FORCEFIELD ENERGY, INC. DERIVATIVE LITIGATION | Lead Case No. 1:15- CV-2782-ARR-VVP |
| This Document Relates to: | **[PROPOSED] FINAL ORDER AND JUDGMENT** |
| ALL ACTIONS | |

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated _____ __, 2017 (the "Preliminary Approval Order"), on the application of the Settling Parties for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated September 26, 2017 (the "Stipulation"). Due and adequate notice having been given to Current ForceField Stockholders as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and except where otherwise specified herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Settling Parties, ForceField, and Current ForceField Stockholders, and hereby finally approves the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

1

4.      The Action, all claims contained therein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.      Upon the Effective Date, ForceField, Plaintiffs, and each of ForceField's stockholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons.  ForceField, Plaintiffs and each of ForceField's stockholders shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6.      Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Plaintiffs, their beneficiaries, and Plaintiffs' Counsel from Defendants' Released Claims.  The Released Persons shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue Plaintiffs, their beneficiaries, or Plaintiffs' Counsel with respect to any Defendants' Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against Plaintiffs, their beneficiaries, or Plaintiffs' Counsel.  Nor shall the foregoing in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7.      The Court finds that the Notice to Current ForceField Stockholders was made in accordance with the Preliminary Approval Order and provided the best notice practicable under the circumstances to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8.      The Court finds that during the course of the Action, the Settling Parties and their counsel at all times complied with Federal Rule of Civil Procedure 11.

9.      The Court finds that the Fee Award of forty-four thousand dollars ($44,000.00) is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee Award.

10.     The Court finds that the Service Awards of five hundred dollars ($500.00) each are fair and reasonable, in accordance with the Stipulation, and finally approves the Service Awards, to be paid to Plaintiffs from the Fee Award by Plaintiffs' Counsel.

11.     This Judgment, the fact and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency or infirmity of any defense that has been or could have been asserted in the Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission

3

of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person, or against Plaintiffs as evidence of any infirmity in their claims; or

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal.

12.     This Judgment, the Stipulation, the Settlement, and any act performed or document executed pursuant to or in furtherance thereof, shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement.  However, the Released Persons may refer to the Settlement, and file the Stipulation and/or this Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

13.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a

Settling Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

14.     This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


DATED:

_____
HONORABLE ALLYNE R. ROSS