FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 3 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
:
IN RE FORCEFIELD ENERGY, INC. DERIVATIVE  :   Lead Case No. 15-cv-2782-ARR-ST
LITIGATION   :
:
This Document Relates to:   :
:   **ORDER PRELIMINARILY**
ALL ACTIONS   :   **APPROVING SETTLEMENT**
:   **AND PROVIDING FOR**
:   **NOTICE**
:
------------------------------------------------------------------ X

ROSS, United States District Judge:

The parties to the above-captioned consolidated shareholder derivative action have made an application under Federal Rule of Civil Procedure 23.1 for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement[1] dated September 26, 2017; and (ii) approving the form and content of the Notice to Current ForceField Stockholders. All Settling Parties have consented to the entry of this preliminary order. Having read and considered the Stipulation and Agreement of Settlement and the attached exhibits, the court orders the following:

1. The Stipulation and Settlement Agreement are preliminarily approved—subject to further consideration at the Settlement Hearing—as the settlement appears to be within the range of what is reasonable, fair, and adequate.

2. The Settlement Hearing shall be held before me on Tuesday, January 30, 2018 at 11:00 AM at the U.S. District Court for the Eastern District of New York, Courtroom 8C, 225 Cadman Plaza East, Brooklyn, New York, 11201. At the hearing, the court will determine: (i) whether the terms and conditions of the Stipulation are fair, reasonable, and adequate to ForceField and Current

---

[1] All capitalized terms have the meanings described in the Stipulation, unless otherwise noted.

1

ForceField Stockholders and should be finally approved by the court; (ii) whether a judgment finally approving the Settlement (substantially in the form of Exhibit C to the Stipulation) should be entered, dismissing the Action with prejudice and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiffs' Counsel's Fee Award[2] should be finally approved. The court may also hear or consider other matters it deems necessary and appropriate at the Settlement Hearing.

3. The court approves the Notice attached as Exhibit A to the Stipulation—subject to the modifications described in this paragraph—and finds that the posting of such Notice in the manner and form set forth in this order constitutes sufficient notice to Current ForceField Stockholders and any other entitled persons under Federal Rule of Civil Procedure 23.1 and due process. The following modifications shall be made to the Notice:

   a. On pages 1 and 2, the magistrate judge's initials on the case caption should be changed from "VVP" to "ST."

   b. On pages 2 and 10, the time to object should be changed from fourteen days to twenty-one days.

   c. On page 9, the judge's name should be changed from "Peter G. Sheridan" to "Allyne R. Ross."

   d. On pages 1-2 n.1 and page 12, it should be added that the Stipulation will also be available on the websites of plaintiffs' counsel (in addition to ForceField's website and the Clerk of the Court's office).

4. No more than ten calendar days after this order, ForceField shall issue a press release that contains the contents of the Notice, and shall post the Stipulation on the investor relations

---

[2] In this order, "fee award" includes the service awards to the plaintiffs.

2

portion of its website. In addition, no more than ten calendar days after this order, plaintiffs' counsel shall post copies of the Notice and Stipulation on their respective websites. Finally, no more than ten calendar days after this order, ForceField shall cause an announcement of the settlement to be published on the website of *Investor's Business Daily*, with instructions to Current ForceField Stockholders on how to access the Notice and Stipulation.

5. At least ten business days before the Settlement Hearing, defendants' counsel shall file proof with the court of the publication, filing, and posting of the Notice. At the same time, defendants' counsel must shall serve a copy of this filing on plaintiffs' counsel at the Brown Law Firm and Harwood Feffer.

6. At least twenty-eight calendar days before the Settlement Hearing, all papers in support of the Settlement and the Fee Award shall be served and filed with the court.

7. At least fourteen calendar days before the Settlement Hearing, any reply papers shall be filed with the court.

8. At least twenty-one calendar days before the Settlement Hearing, any Current ForceField Stockholder may object and/or appear and show cause why the Settlement should not be finally approved as fair, reasonable, and adequate; why the judgment should not be entered; or why the fee award should not be finally approved. No Current ForceField Stockholder may contest the approval of the terms and conditions of the Settlement, the Fee Award, or the Judgment, unless the stockholder objects at least than twenty-one calendar days before the Settlement Hearing. Any objecting stockholder must file with the Clerk of the Court written objections setting forth: (i) the nature of the objection; (ii) proof of ownership of ForceField common stock on September 26, 2017 and through the date of the Settlement Hearing, including the number of shares of ForceField common stock held and the date of purchase; (iii) any and all evidence in support of such objection;

3

and (iv) the identities of any cases, by name, court, and docket number, in which the stockholder or their attorney has objected to a settlement in the last three years.

If a Current ForceField Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must file a written objection (meeting the requirements described above) and must also file with the Clerk of the Court: (i) a written notice of the stockholder's intention to appear; (ii) a statement indicating the basis for such appearance; (iii) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and the subject of their testimony; and (iv) any and all evidence the stockholder intends to present at the Settlement Hearing.

If a Current ForceField Stockholder files a written objection and/or notice to appear, such stockholder must also simultaneously serve copies of those filings (as well as any other papers the stockholder files with the court) on each of the following, either by hand delivery or first class mail:

**Timothy W. Brown**
The Brown Law Firm, P.C.
240 Townsend Square
Oyster Bay, NY 11771
*Co-Lead Counsel for Plaintiffs*

**Martin H. Kaplan**
Gusrae Kaplan Nusbaum P.L.L.C.
120 Wall Street
New York, NY 10005
*Counsel for Defendants*

**Robert I. Harwood**
Harwood Feffer L.L.P.
488 Madison Avenue.
New York, NY, 10022
*Co-Lead Counsel for Plaintiffs*

Any Current ForceField Stockholder who does not make their objection in the manner describe here shall be deemed to have waived such objection and shall be foreclosed from making an objection to the fairness, reasonableness, or adequacy of the Settlement Agreement and fee

4

award. Such stockholder shall be bound by the Judgment to be entered, the dismissal of the Action with prejudice, and all of the releases set forth in the Stipulation.

9. All Current ForceField Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current ForceField Stockholders.

10. Pending final determination of whether the Settlement should be approved, neither Plaintiffs, Plaintiffs' Counsel, nor any Current ForceField Stockholders or other Persons shall commence, prosecute—or otherwise instigate or participate in the commencement or prosecution of—any action or proceeding asserting any Released Claims against any of the Individual Defendants, ForceField, or any other Released Person, in any court or tribunal.

11. The facts and terms of the Stipulation, including any attached exhibits; all proceedings in connection with the Settlement; and any act performed or document executed in furtherance of the Stipulation or the Settlement shall not:

(a) Be used in any way against the Settling Parties as evidence of a presumption, concession, or admission by any of the Settling Parties with respect to: (i) the truth of any fact alleged by Plaintiffs; (ii) the validity of any claim that has been or could have been asserted in the Action or in any litigation; (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or (iv) of any fault, wrongdoing, negligence, or liability of any of the Released Persons.

(b) Be used in any way against any of the Released Persons as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or

5

made by any Released Person, or against Plaintiffs as evidence of any infirmity in their claims; or

(c) Be used in any way against or referred to as against any of the Released Persons as evidence of a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, agency or other tribunal.

Neither the Stipulation nor the Settlement, nor any act performed or document executed in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement. If finally approved, however, the Released Persons may refer to the Settlement, and file the Stipulation and/or Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of preclusion or similar defense or claim under federal, state, or foreign law.

12. If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in this Action will revert to their status as of the date immediately preceding the date of the Stipulation.

13. The court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current ForceField Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The court may approve the Settlement and any of its terms, with such modifications

as may be agreed to by the Settling Parties, if appropriate, without further notice to Current ForceField Stockholders.

/s/(ARR)
Allyne R. Ross
United States District Judge

Dated: November 1, 2017
      Brooklyn, New York

7